UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM E. POWELL,

    Plaintiff,

    v().

INTERNAL REVENUE SERVICE,

    Defendant.

Civil Action No. 16-1682 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff William E. Powell describes this Freedom of Information Act suit as a "long journey" to obtain his own tax records and those relating to his grandfather, father, and his family's printing businesses. See ECF No. 46 (Opposition to MTD/MSJ). That journey has yielded some, but not all, of the documents he seeks. In a prior Opinion, this Court concluded that, while the Internal Revenue Service had provided numerous records, it needed to search for others. Powell v. IRS, 255 F. Supp. 3d 33, 47-48 (D.D.C. 2017). Believing its task now accomplished, the IRS renews its Motion to Dismiss or for Summary Judgment. It contends both that certain of Powell's claims are currently moot, given that the records have been produced, and that the Service's search was adequate as to the others. Agreeing, the Court will grant the Motion.

**I.    Background**

Plaintiff seems to have been propelled on this quest by the distribution of assets following the death of his father, William A. Powell, in 1992. See ECF No. 26 (Amended Complaint) at 2-3, 7 n.3; ECF No. 49 (Surreply) at 2. Powell believes that the probate trustees charged with this distribution may have breached their fiduciary duties and that certain tax records will help him

1

determine whether to sue them. See Am. Compl. at 3; ECF No. 26-28 (July 5, 2016, RAIVS Request). He seeks his own tax records, as well as those regarding his father, grandfather, and trusts and printing companies that those two men created. See ECF No. 41 (Motion to Dismiss and for Summary Judgment), Exhs. 1-4 (RAIVS Requests); Am. Compl. at 14-15; Opp. at 1-2.

Plaintiff desires four general types of documents: Master file-complete transcripts, Master file-specific transcripts, TXMOD(A) transcripts, and Non-Master Files. See Am. Compl. at 14-15. A primer for the tax layperson: Master-file transcripts are "the official repository of all taxpayer data extracted from magnetic tape records, paper and electronic tax returns, payments, and related documents." ECF No. 31, Exh. 2 (Declaration of Joy E. Gerdy Zogby), ¶ 9. A "complete" transcript contains "all entity and tax module data associated with" a particular Taxpayer Identification Number for all years relevant to the taxpayer. Id., ¶ 11. The IRS can also search more narrowly for Master file-specific transcripts that contain information related to a specific tax period or type of tax return. See ECF No. 34, Exh. 2 (First Declaration of William J. White IV), ¶ 19; MTD/MSJ, Exh. 7 (Second Declaration of William J. White IV), ¶ 6. TXMOD(A) transcripts, the third type, contain information about "active taxpayer accounts" that have "ongoing tax liability issues associated with them." Second White Decl., ¶ 16. In addition, there is a Non-Master File system for "certain types of tax assessments that cannot be implemented by Master File processing." Zogby Decl., ¶¶ 10, 18.

In pursuit of these records, Powell certainly cannot be accused of lacking effort; in fact, he has filed around 89 FOIA requests. See First White Decl., ¶ 3. He has challenged Defendant's responses to his requests in several suits in federal court in Michigan, as well as in this Court. See Powell v. IRS, 255 F. Supp. 3d 33 (D.D.C. 2017); Powell v. IRS, No. 15-11033, 2016 WL 7473446 (E.D. Mich. Dec. 29, 2016); Powell v. IRS, No. 15-11616, 2016 WL 5539777

(E.D. Mich. Sept. 30, 2016); Powell v. IRS, No. 14-12626, 2015 WL 4617182 (E.D. Mich. July 31, 2015). In this suit, he takes issue with the IRS's responses to FOIA requests that he made on July 5, 15, and 19, 2016. See Am. Compl. at 14-15. In so doing, Plaintiff asserts both Privacy Act and FOIA causes of action. Id. at 1-2, 4-5.

Responding to prior defense motions in this case, the Court offered partial victories to each side. Powell, 255 F. Supp. 3d at 48. More specifically, the motions were denied without prejudice as to Powell's Privacy Act claims because he had not exhausted his administrative remedies. Id. at 40-42. As to his FOIA claims, the Court interpreted Plaintiff's Complaint as requesting the following specific documents for certain years between 1988 and 2005:

| **Entity/Individual** | **Transcript** | **Request** |
|---|---|---|
| Andrew Powell Printing Company | Master file-complete<br>Master file-specific for "06"<br>Master file-specific for Form 1065<br>TXMOD(A) | July 15 RAIVS Request 1 |
| Powell Printing Company | Master file-complete<br>Master file-specific for Form 1120<br>TXMOD(A) | July 15 RAIVS Request 2 |
| William A. Powell Agreement of Trust | Master file-complete | July 5 RAIVS Request |
| | Master file-specific for Form 1041<br>TXMOD(A) | July 15 RAIVS Request 2 |
| Estate of William A. Powell | Master file-complete<br>Master file-specific for Form 706 | July 5 RAIVS Request |
| | Master file-specific for Form 1041<br>TXMOD(A) | July 15 RAIVS Request 2 |
| William A. Powell | Master file-complete<br>Master file-specific for Form 1040<br>TXMOD(A) | July 19 RAIVS Request |
| William E. Powell | Master file-complete<br>Master file-specific for Form 1040<br>TXMOD(A) | July 19 RAIVS Request |

Id. at 44.

The Court dismissed several of the FOIA claims as moot because the IRS had already given Powell certain requested documents – namely, the Individual Master file-complete for

3

William E. Powell, the Business Master file-complete for the Estate of William A. Powell, and the Business Master file-complete for the Powell Printing Company. Id. at 46. Claims regarding Non-Master files also were dismissed because Plaintiff had not alleged or provided records to show that he had requested any from the IRS. Id. at 45. The Court denied the motion, however, as to several other claims because there was not enough evidence to determine, as the IRS urged, that Powell had failed to provide appropriate documentation authorizing him to receive certain records or that he had abandoned some of his requests. Id. at 46-48.

After the issuance of the Opinion, Defendant conducted a new search for records responsive to the remaining claims. IRS Senior Disclosure Specialist William J. White IV, who was tasked with this effort, first realized that the IRS had already released the following documents to Plaintiff on January 15, 2015:

- Master file-specific transcript for Form 1120 for the Powell Printing Company for tax year 1993;
- Master file-specific transcript for Form 1041 for the William A. Powell Agreement of Trust for tax year 2005;
- Master file-specific transcripts for Form 1040 for William E. Powell for tax years 1989-91; and
- Microfilm versions of the Master file-specific transcripts for Form 1120 for the Powell Printing Company for tax years 1990-92.

Second White Decl., ¶¶ 9-11; id., Exh. A (January 15, 2015, Letter to William Powell).

To search for the remaining records, White used a database called the Information Data Retrieval System (IDRS). See Second White Decl., ¶ 6. IRS employees use the IDRS to request Master-file and TXMOD(A) transcripts. Id. White searched this database for Powell's

4

requested records, using various command codes and identification numbers "depending on the type of record sought." Id. Specifically, he searched using the following command codes and information: (1) "TXMOD(A), [Social Security Number/Employer Identification Number], [Type of tax return], [Specific tax period]" to find TXMOD(A) transcripts; (2) "MFTRA, [Social Security Number/Employer Identification Number]" for complete transcripts; and (3) "MFTRA, [Social Security Number/Employer Identification Number], [Type of tax return], [Specific tax period]" for specific transcripts. Id.

These searches turned up several responsive documents. White found the Master file-complete transcript for the William A. Powell Agreement of Trust, a Master file-specific transcript for Form 1040 for William E. Powell for tax year 1992, and a Master file-specific transcript for Form 706 for the Estate of William A. Powell for tax year 1993. Id., ¶¶ 12-13. On August 25, 2017, these records were released to Plaintiff. See Motion, Exh. 5 (August 25, 2017, Letter to Powell).

The above-described searches did not, however, locate the following: (1) any records for the Andrew Powell Printing Company or William A. Powell; (2) any TXMOD(A) transcripts for any entity or individual; (3) Master file-specific transcripts for Form 1041 for the William A. Powell Agreement of Trust for tax years 1992, 1995, 2000; (4) Master file-specific transcripts for Form 706 for the Estate of William A. Powell for tax years 1992, 1994, and 1995; or (5) Master file-specific transcripts for Form 1041 for the Estate of William A. Powell for tax years 1992-95. See Second White Decl., ¶¶ 15-17.

These searches having now been accomplished, Defendant again moves to dismiss or for summary judgment. The IRS argues that several of Powell's claims are moot because it has

already given him the requested records. MTD/MSJ at 4-7. As to the rest of the requests, it argues that its search was adequate. Id. at 7-11; ECF No. 47 (Reply) at 4-10.

**II.     Legal Standard**

As the Court decides the matter under the summary-judgment standard, it lays out the law relating only to that type of motion. Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is capable of affecting the substantive outcome of the litigation. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. See Scott v. Harris, 550 U.S. 372, 380 (2007); Liberty Lobby, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In the event of conflicting evidence on a material issue, the Court is to construe the conflicting evidence in the light most favorable to the non-moving party. See Sample v. Bureau of Prisons, 466 F.3d 1086, 1087 (D.C. Cir. 2006).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). In a FOIA case, a court may grant summary judgment based solely on information provided in an agency's affidavits or declarations when they "describe the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record

nor by evidence of agency bad faith." Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation omitted). Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. CIA, 692 F.2d 770, 771 (D.C. Cir. 1981)). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

## III. Analysis

FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Defendant maintains that, because it has complied with these disclosure obligations, Plaintiff's suit should be dismissed. Specifically, the IRS contends that (A) it has already released some of the requested documents, rendering several claims moot; and (B) its search was adequate as to the others. The Court considers each argument in turn.

### A. Mootness

Article III of the Constitution restricts federal-court jurisdiction to "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 71 (2013). "If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the

7

action can no longer proceed and must be dismissed as moot." Id. (internal quotation marks omitted). The government's disclosure of records in a FOIA case is such a circumstance and renders requests for those records moot. Williams & Connolly v. SEC, 662 F.3d 1240, 1243-44 (D.C. Cir. 2011).

Several of Powell's requests are moot for this reason. Three of them were already determined to be moot in the Court's prior Opinion because Defendant had released the documents – namely, requests for the Master file-complete transcript for William E. Powell, the Master file-complete transcript for the Estate of William A. Powell, and the Master file-complete for the Powell Printing Company. Powell, 255 F. Supp. 3d at 46. Since this Court's last Opinion, Defendant found and turned over additional documents, rendering requests for them moot as well – specifically, the Master file-complete transcript for the William A. Powell Agreement of Trust, a Master file-specific transcript for William E. Powell for tax year 1992, and the Master file-specific transcript for Form 706 for the Estate of William A. Powell for tax year 1993. See Second White Decl., ¶¶ 12-13; August 25, 2017, Letter to Powell. Also since the Opinion, the IRS realized that it had already provided Powell the following documents in 2015: the Master file-specific transcript for Form 1120 for the Powell Printing Company for tax year 1993, the Master file-specific transcript for Form 1041 for the William A. Powell Agreement of Trust for tax year 2005, and the Master file-specific transcripts for Form 1040 for William E. Powell for tax years 1989-91. See Second White Decl., ¶¶ 8, 11; January 15, 2015, Letter to Powell.

Plaintiff does not dispute the receipt of these documents, see Opp. at 2-7, 10-11; Surreply at 10, 16, except perhaps his own Master file-specific transcripts (although his argument is unclear), see Opp. at 3, but nonetheless argues that the IRS has concealed "vital" information

8

that should have appeared on them. See Opp. at 3-8, 17; Surreply at 8, 10. The Court already rejected this argument, however, as to the three previously mooted requests because Powell never supported his assertions that Defendant had somehow altered the transcripts. Powell, 255 F. Supp. 3d at 46. In this second go-round, he still has not provided anything more than his own speculative belief that the IRS tampered with the documents. He contends, for example, that Defendant is hiding information such as the Employer Identification Numbers (EIN) for the parent entities of the Powell Printing Company, the Estate of William A. Powell, and the William A. Powell Agreement of Trust. See Opp. at 18; Surreply at 8. But Powell does not argue that the IRS redacted this information; instead, he suspects that Defendant possesses it elsewhere and should have put it on the transcripts: "Plaintiff desires this Honorable Court to acknowledge, Defendant is not redacting the information from the transcripts Plaintiff is requesting, the transcripts are being provided as a shell without any information illustrated." Opp. at 19. This hunch does not overcome the presumption of good faith afforded the government's declarations. See SafeCard, 926 F.2d 1200.

Because requests for the following records are moot, the Court grants Defendant's Motion for Summary Judgment as to them: the Master file-complete transcript for William E. Powell, the Master file-complete transcript for the Estate of William A. Powell, the Master file-complete for the Powell Printing Company, the Master file-complete transcript for the William A. Powell Agreement of Trust, a Master file-specific transcript for William E. Powell for tax year 1992, and the Master file-specific transcript for Form 706 for the Estate of William A. Powell for tax year 1993.

B.  Adequacy of Search

As to what remains, the IRS argues that its search for responsive records was adequate.

9

The Court agrees and will thus grant summary judgment for Defendant as to these claims as well. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. DOJ, 23 F.3d 548, 551-52 (D.C. Cir. 1994). The adequacy of an agency's search for documents under FOIA "is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case." Weisberg v. DOJ, 745 F.2d 1476, 1485 (D.C. Cir. 1984). "When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request, the factual question it raises is whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." SafeCard, 926 F.2d at 1201.

To meet its burden, the agency may submit affidavits or declarations that explain the scope and method of its search "in reasonable detail." Perry v. Block, 684 F.2d 121, 127 (D.C. Cir. 1982). As part of this explanation, a defendant must, at a minimum, aver that "all files likely to contain responsive materials . . . were searched." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). Agency affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard, 926 F.2d at 1200 (citation omitted). Unrebutted affidavits or declarations can prove that an agency met its FOIA obligations. Perry, 684 F.2d at 127. "If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

Defendant's declarations describe the search for Plaintiff's requested records "in reasonable detail" and are accordingly afforded a presumption of good faith. Senior Disclosure

Specialist White attests that he searched for the records on the "Information Data Retrieval System ('IDRS')," which is the database "used by IRS employees to request these kinds of records for all taxpayers." Second White Decl., ¶ 6; see also First White Decl., ¶ 22. He used command codes that varied based on the type of transcript and taxpayer. See Second White Decl., ¶ 6. Specifically, he searched for TXMOD(A) transcripts using the command code "TXMOD(A, [Social Security Number/Employer Identification Number], [Type of tax return], [Specific tax period]"; for complete transcripts using "MFTRA, [Social Security Number/Employer Identification Number]"; and for specific transcripts using "MFTRA, [Social Security Number/Employer Identification Number], [Type of tax return], [Specific tax period]." Id.; see also Zogby Decl., ¶ 11. These queries located some, but not all, of the outstanding requested records. See Second White Decl., ¶¶ 12-14.

He makes the key assertion, moreover, that "[b]esides IDRS, there is no other IRS system or database in which the records requested by Plaintiff would likely be located." Id., ¶ 19. White even lays out the likely reasons why some documents were not located. It makes sense, for instance, that there was only one transcript available for the Estate of William A. Powell – for the year after his death when the estate tax return was filed. Id., ¶ 18. And the lack of TXMOD(A) transcripts is reasonable, White explains, because Powell seeks transcripts for tax years so long past that there are likely no more active accounts for those years and, consequently, no TXMOD(A) transcripts. Id., ¶ 16.

White's declaration thus contains three essential statements that courts require: the search terms used, the database or location searched, and an averment that all locations likely to contain responsive records were searched. See, e.g., DiBacco v. U.S. Army, 795 F.3d 178, 200 (D.C. Cir. 2015) (affirming adequacy of search based on affidavit containing these required assertions);

Looks Filmproduktionen GmbH v. CIA, 199 F. Supp. 3d 153, 164-69 (D.D.C. 2016) (finding search adequate based on affidavit containing required assertions); Rollins v. U.S. Dep't of State, 70 F. Supp. 3d 546, 549-50 (D.D.C. 2014) (same); Citizens for Responsibility & Ethics in Washington v. Nat'l Archives & Records Admin., 583 F. Supp. 2d 146, 167-68 (D.D.C. 2008) (same) (citing Weisberg v. DOJ, 705 F.2d 1344, 1348 (D.C. Cir. 1983)).

Yes, the IRS declarations could have included more details, including more particulars on how IDRS functions. But the core principle is whether a defendant has provided enough information for a plaintiff to be able to challenge the adequacy of the search: "A reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched, is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search." Oglesby, 920 F.2d at 68. The IRS declarations provide Powell this opportunity. Based on the information provided, he could challenge the search's scope by arguing, for instance, that more or different terms and databases should have been used.

Indeed, Powell does exactly that. Most of his contentions about the adequacy of the search terms, however, are based solely on speculation that hidden documents and information exist. Although "positive indications of overlooked materials" may raise "substantial doubt" about the adequacy of a search and render summary judgment "inappropriate," Valencia-Lucena, 180 F.3d at 326 (citation omitted), guesses about the existence of documents do not overcome the good-faith presumption afforded government declarations. See SafeCard, 926 F.2d at 1200. Plaintiff attempts to establish "positive indications of overlooked materials," but these arguments – that the IRS has repeatedly changed the filing requirements for partnerships, corporations, and estates in order to conceal records, see Surreply at 19; Opp. at 19 n.21, and that, if complete

transcripts for an entity were found, specific ones exist and should have been located as well – are unsupported guesses. See Opp. at 6-7.

Powell's second attack on the search is that the IRS should have used an additional database, the Automated Non-Master File (ANMF) system. See Opp. at 9. He argues that certain codes on the released transcripts indicate that further records exist there. Id. at 18. For example, he argues that the "LARGE CORP" designation means that certain tax filings would have been too large for the Master-file system and would therefore be Non-Master files located on the ANMF. Id. This Court already has held, however, that Plaintiff has not perfected a request for any Non-Master Files, Powell, 255 F. Supp. 3d at 45, so there was no need for Defendant to search for such documents.

In sum, because Defendant demonstrated the adequacy of its search with declarations afforded a presumption of good faith that Plaintiff has not rebutted, it is entitled to summary judgment.

## IV. Conclusion

As several of Plaintiff's FOIA claims are moot and Defendant has conducted an adequate search as to others, its Motion for Summary Judgment will be granted. A separate Order so stating will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: December 4, 2017